

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-81,252-02

**EX PARTE BILLY LEE PAGE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 26545-A IN THE THIRD DISTRICT COURT FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal the sentencing of his adjudication of guilt in March of 2005.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall obtain a response from counsel regarding Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If counsel refuses to submit a response or fails to respond, the trial court shall inform this Court of the efforts it made to obtain a response from counsel and the results of every such effort.

It appears that Applicant is now represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant timely informed the trial court or counsel of his desire to appeal the sentencing from his adjudication of guilt hearing. The trial court shall also make findings as to why Applicant waited over nine years to present this claim to this Court. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 17, 2014
Do not publish